Chancellor D. Johnson
delivered the opinion of the court.
The defendants, Wilson and Smith, it will be observed, deny in their answers, most explicitly, any knowledge or notice of the previous contract, made by defendant, Taylor, through his agent, ta sell the lot to the complainant; nor was there any evidence in contradiction of their answers andnvhatever may be the rights of the complainants against defendants, Taylor and Toomer, the question here is, whether the defendants Wilson and Smith, are affected by them.
The deed from Taylor to Smith, unquestionably, conveyed the legal estate, and being a purchaser, for valuable consideration, without notice, he will, according to a familiar principle, be protected against the previous equities of the complainant; and as to him, the case is resolved into the question, whether the previous deed of Taylor to the complainant, delivered to Toomer, to be delivered to complainant, when he should pay $150, one fourth of the purchase money, or the memorandum of the 15th September, 1835, made by Toomer, can operate to invest the complainant with the legal estate.
That the delivery is the very essence of every deed, and that without it the legal estate could not pass, are propositions which admit of no question. The complainant’s own bill states, and it is the foundation of his complaint, that this deed was not delivered to hint, according to the terms of his agreement. The memorandum of the 15th September, 1>535, given in evidence hy the com. plainant, is conclusive, that it was not intended to be delivered until $150, part of the purchase money, should be paid ; and this was not done, nor offered to be done, until after the conveyance to Smith. The memorandum of the 15th September, 1835., doest *181 mot purport to be a conveyance. On the contrary, it professes only to undertake to deliver the deed, on the conditions stated. It wants the seal and witness, required by the act of assembly, and indeed, all the other requisites of a deed to pass real estate, and cannot, therefore, operate as a conveyance of the real estate.
O. M. Smith aud Taylor, for motion.
JSufe, contra.
Filed 21st March, 1837.
I have, intentionally, avoided the expression of any opinion, as to the rights of the complainant against Taylor and Toomer, or either of them. If be has any, it is for a violation of the contract, to sell the lot to him, and that is the subject of an action of law to recover damages, and one over which this court does not possess jurisdiction.
The decree of the circuit court is, therefore, set aside, and reversed, and it is ordered, that the complainant’s bill be dismissed with costs.
DAVID JOHNSON,
We concur,
WILLIAM HARPER,
J. JOHNSTO^.